**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) **CHAPTER 7** |
| **JEKYLL BREWING CITY** | ) |
| **CENTER, LLC,** | ) **CASE NO. 26-50748-JWC** |
| | ) |
| Debtor. | ) |

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING RULE
2004 EXAMINATION OF DEBTOR**

S. Gregory Hays, as Chapter 7 Trustee ("Trustee") for the bankruptcy estate
(the "Bankruptcy Estate") of Jekyll Brewing City Center, LLC (the "Debtor"),
moves the Court for the entry of an order authorizing Trustee's examination of
Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. In
support of this Motion, Trustee respectfully shows the Court as follows:

1.     This Court has jurisdiction to consider this Motion pursuant to 28
U.S.C. §§ 157 and 1334.  Venue is proper in this District pursuant to 28 U.S.C. §§
1408 and 1409.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Factual Background**

*a. General Facts*

2.     Debtor initiated the underlying bankruptcy case (the "Case" or
"Bankruptcy Case") by filing a voluntary petition for relief under Chapter 7 of

Title 11 of the United States Code (the "Bankruptcy Code") on January 17, 2026 (the "Petition Date").

3.      Trustee was thereafter appointed and remains the duly acting Chapter 7 trustee in this Case.

4.      Upon Debtor's filing of the Voluntary Petition, the Bankruptcy Estate was formed, and it includes all of Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case. See 11 U.S.C. § 541(a)(1).

5.      Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323.

6.      The duties of Trustee include his obligation to "collect and reduce to money the property of the estate." 11 U.S.C. § 704(1).

7.      Trustee filed his *Trustee's Application for Appointment of Attorneys* [Doc. No. 10] on February 4, 2026, and the Court entered an Order on February 10, 2026, authorizing the appointment of Ardis Law LLP as attorneys for Trustee [Doc. No. 11].

### b. Available Assets

8.      On January 17, 2026, Debtor filed its schedules of assets and liabilities [Doc. No. 1] (the "Schedules") together with its Statement of Financial Affairs [Doc. No. 1] (the "SOFA").

9.      The Meeting of Creditors under Section 341 of the Bankruptcy Code

2

was scheduled for and held on February 19, 2026 [Doc. No. 15].

10.     On Schedule A/B, Debtor scheduled furniture, fixtures, and equipment having an original purchase price of $1,098,524.00.

11.     Debtor scheduled and testified at the Meeting of Creditors as to the existence of a claim against its former Director of Operations for negligence and breach of fiduciary duties in failing to properly wind down operations, causing loss of employees, loss of revenues, and unpaid bills. Debtor scheduled the value of these claims as "unknown."

12.     Additionally, Debtor testifies as to the existence of a claim against ADP valued at $25,000.00.

13.     Since conducting the February 19, 2026, Meeting of Creditors, Trustee has sent Debtor's counsel no fewer than 23 written requests for documentation respecting the scheduled assets, including potential claims against Debtor's Director of Operations and ADP, Debtor's tax returns, QuickBooks files and bank records, and information respecting scheduled sales tax claims by the State of Georgia.

14.     Debtor's Counsel responded once, on April 2, 2026, advising Trustee, "I have messages in to both Mr. Lundmark, and the accountant for the Jekyll entities, as to each of your inquiries. I hope to have responses to you shortly. I'd ask that you hold off on a 2004 exam, as we try to obtain that information for you. I'll get it as quickly as possible."

3

15.     Despite Trustee's repeated follow-up requests, Debtor's counsel did not reply further until May 13, 2026, still without producing any of the requested documentation.

16.     As of the filing of this Motion, Debtor has provided no records or documents in response to Trustee's repeated requests.

## BASES FOR THE RELIEF REQUESTED

17.     Trustee believes that the claims and other possible assets should be evaluated and that the potential liquidation of all assets could allow Trustee to make a meaningful distribution to unsecured creditors in this Case.

18.     Trustee has been unable to conduct his investigation given Debtor's or failure to timely respond to Trustee's many requests.

19.     By this Motion, Movant seeks an examination of Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, including production of documents identified in Exhibit "A" attached to this Motion.

20.     "The court may, for cause and on terms it may impose, order the debtor to be examined under this Rule 2004 at any designated time and place, in or outside the district." FED. R. BANKR. P. 2004(d). The scope of such an examination is expanded in a chapter 11 case to include: "the operation of any business and the desirability of its continuing; the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the

4

consideration given or offered; and any other matter relevant to the case or to formulating a plan." FED. R. BANKR. P. 2004(b)(2)(A)-(C).

21. Courts have held that "[t]he scope of a Rule 2004 examination is very broad and has been likened to a 'fishing expedition.'" *In re Kelton*, 389 B.R. 812, 820 (Bankr. S.D. Ga. 2008).

22. Trustee maintains that examining Debtor pursuant to Rule 2004 is necessary to enable Trustee to properly administer Debtor's bankruptcy estate, and such examination is in the best interests of creditors of the estate.

23. **NOTICE OF COMPLIANCE WITH BLR 2004-1(a):**

24. Upon the Court's entry of an order granting this motion, and pursuant to BLR 2004-1(a), Trustee's counsel will attempt to confer with Debtor's counsel regarding the examination and production of documents, including the scheduling, scope and length of the examination, and the production of documents.

WHEREFORE, Trustee respectfully requests that the Court enter an Order in substantially the form attached to this Motion as Exhibit "A":

(a) Granting this Motion;

(b) Authorizing Trustee to examine Debtor pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and to compel Debtor to produce designated documents at that examination; and

(c) Granting Trustee such other and further relief as the Court deems

just and proper.

Respectfully submitted, May 15, 2026.

ARDIS LAW LLP

*s/ John K. Rezac*
JOHN K. REZAC
Georgia Bar No. 601935 *jrezac@ardis.law*
2300 Windy Ridge Parkway
Suite 1165N
Atlanta, Georgia 30339
Telephone: 678/643-1357

*Attorneys for S. Gregory Hays, Chapter 7
Trustee*

6

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **CHAPTER 7** |
| **JEKYLL BREWING CITY** | ) | |
| **CENTER, LLC,** | ) | **CASE NO. 26-50748-JWC** |
| | ) | |
| **Debtor.** | ) | |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION FOR ORDER
AUTHORIZING RULE 2004 EXAMINATION OF THE DEBTOR**

The Motion of S. Gregory Hays, as Chapter 7 Trustee ("Trustee") for the
bankruptcy estate (the "Bankruptcy Estate") of Jekyll Brewing City Center, LLC
(the "Debtor") for Rule 2004 Examination of Debtor (the "Motion") having been
read and considered, it is

**ORDERED** that the Motion is **GRANTED** to permit Trustee's examination
of Debtor in accordance with Fed. R. Bankr. R. 2004(b) at a mutually agreed time

and place. If attendance and production of documents cannot be obtained voluntarily, Trustee may compel attendance and production of documents as provided in Fed. R. Bankr. P. 2004(c).

END OF DOCUMENT

**Order prepared and presented by:**

ARDIS LAW LLP

*s/ John K. Rezac*
JOHN K. REZAC
Georgia Bar No. 601935 *jrezac@ardis.law*
2300 Windy Ridge Parkway
Suite 1165N
Atlanta, Georgia 30339
Telephone: 678/643-1357

*Attorneys for S. Gregory Hays, Chapter 7 Trustee*

Distribution List:

John K. Rezac
Ardis Law LLP
2300 Windy Ridge Pkwy, Suite 1165N
Atlanta, GA 30339

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Jekyll Brewing City Center, LLC
2929 Savannah Walk Lane
Suwanee, GA 30024

Michael D. Robl
Robl Law Group LLC
Suite 250
3754 LaVista Road
Tucker, GA 30084

4

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING RULE**

**2004 EXAMINATION OF DEBTOR** upon each of the persons listed below *via* e-

mail, as indicated:

> Office of the United States Trustee
> 362 Richard B. Russell Building
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303
> *Via U.S. Mail, First Class and via the Court's ECF/CM system*
>
> Jekyll Brewing City Center, LLC
> 2929 Savannah Walk Lane
> Suwanee, GA 30024
> *Via U.S. Mail, First Class*
>
> Michael D. Robl
> Robl Law Group LLC
> Suite 250
> 3754 LaVista Road
> Tucker, GA 30084
> *Via email to [michael@roblgroup.com](mailto:michael@roblgroup.com) and via the Court's ECF/CM system*

ARDIS LAW LLP

*s/ John K. Rezac*
JOHN K. REZAC

8